**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**BENJAMIN W. SMITH**                                                                                    **PETITIONER**
**Registration No. 11844-002**

v.                                                     **NO. 2:09CV00047 BSM/JTR**

**T.C. OUTLAW, Warden,**
**FCI Forrest City, Arkansas**                                                                     **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before
   the United States District Judge was not offered at the hearing
   before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A 149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Benjamin W. Smith, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, filed this § 2241 habeas action on April 29, 2009. (Docket entry #1). On June 24, 2009, Respondent filed a Response. (Docket entry #10). Petitioner has filed a Reply. (Docket entry #11, 12). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the pertinent procedural history of this case. On August 28, 2003, in the Northern District of Mississippi, Petitioner was charged, in a four-count indictment, with possession with intent to distribute in excess of 100 kilograms of marijuana and possession of firearms during a drug trafficking crime. (Docket entry #10). On April 9, 2004, he pled guilty to all four counts of the indictment. (Docket entry #10).

On June 23, 2004, the United States District Court for the Northern District of Mississippi sentenced Petitioner to sixty months on the possession with intent to distribute charges, followed by sixty months, to be served consecutively, for possession of a firearm during a drug trafficking

crime. (Docket entry #3). Petitioner did not appeal his conviction or sentence. (Docket #10).

On January 28, 2005, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On November 19, 2007, the district court denied all of Petitioner's grounds for relief except his claim of ineffective assistance of counsel. (Docket entry #3). On June 20, 2008, following an evidentiary hearing, the district court also denied that claim; thereby denying in all respects Petitioner's § 2255 Motion. (Docket entry #3).

On February 22, 2006, the Fifth Circuit Court of Appeals denied Petitioner's Motion to file a successive § 2255 Motion. (Docket entry #12).

In this 28 U.S.C. § 2241 habeas action, Petitioner requests this Court to vacate his conviction, in the Northern District of Mississippi, for possession of a firearm during a drug trafficking crime. (Docket entry #3). According to Petitioner, he is actually innocent because of an erroneous interpretation of the term "use" found in 18 U.S.C. § 924(c)(1). (Docket entry #3). Finally, Petitioner contends that his habeas claims can be properly brought under § 2241 because:(1) he is actually innocent of violating 18 U.S.C. § 924(c)(1); and (2) he is barred from pursuing the claims in a § 2255 motion. (Docket entry #11). On April 9, 2009, the same day Petitioner iniated this habeas action, he filed a "Motion for Order" which essentially restates all of his habeas claims. (Docket entry #3).

For the reasons discussed below, the Court concludes that Petitioner's claim is not cognizable in a § 2241 habeas action. Thus, it recommends that Petitioner's § 2241 habeas petition be denied, and that this action be dismissed, with prejudice.

## II. Discussion

It is well settled that a collateral challenge to a federal conviction or sentence must be raised

3

in a motion to vacate that is filed in the *sentencing court* under 28 U.S.C. § 2255, and not in a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). However, § 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction brought in a § 2241 habeas petition *if* the remedy under § 2255 is "inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. Importantly, it is the petitioner's burden to establish that his remedies in the sentencing jurisdiction are inadequate or ineffective. *Hill*, 349 F.3d at 1091.

In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire"). In other words, a petitioner cannot file a § 2241 habeas petition in the court of incarceration merely because he no longer has any remaining avenues for redress in the court in which he was convicted and sentenced.

In his attempt to use § 2241 as a vehicle for collaterally attacking his conviction, Petitioner argues that § 2255 is "inadequate or ineffective" because: (1) he is "actually innocent of his sentence" under the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137

4

(1995); and (2) he is barred from filing an appeal, a § 2255 motion and a successive § 2255 motion in the United States District Court for the Northern District of Mississippi.

In *Bailey*, the Court narrowed the definition of "use" under 18 U.S.C. § 924(c) and, in a later decision, held that *Bailey* could be applied retroactively, in collateral review. *See Bousley v. United States,* 523 U.S. 614, 623 (1998). While holding that a defendant could raise a *Bailey* claim, despite his failure to do so on direct appeal, the Court in *Bousley* made it clear that this exception was limited to situations in which a defendant could establish that he was actually innocent, *i.e.*, that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.*

Petitioner's reliance on *Bailey* and the "actual innocence" exception in *Bousley* are both misplaced. The United States Supreme Court decided *Bailey* in 1995. Petitioner pled guilty and was convicted and sentenced for possession of a firearm during a drug trafficking crime nine years later, in 2004. Because the Court's holdings in *Bailey and Bousley* were both in effect at the time of Petitioner's sentencing, he could have raised the issue of his "actual innocent" with the sentencing court in 2004. His failure to do so cannot now be used as a basis for arguing that *Bailey* should be retroactively applied to support a § 2241 habeas claim.

Petitioner also claims that filing a § 2255 motion is "inadequate or ineffective" because he is procedurally barred from bringing such a motion in the United States District Court for the Northern District of Mississippi. The fact that Petitioner could not pass through the gatekeeping requirements for filing a direct appeal, a § 2255 petition, or a successive petition under § 2255(h) *does not* render § 2255 inadequate or ineffective. *See Lurie*, 207 F.3d at 1077. In other words, merely because Petitioner now faces a procedural or substantive bar to § 2255 relief does not make

§ 2241 habeas relief available to him. Thus, the Court concludes that Petitioner has failed to establish that this is one of the "rare instance[s]" where the § 2255 remedy is inadequate or ineffective.

Accordingly, the Court concludes that it lacks subject-matter jurisdiction to hear Petitioner's habeas claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Habeas petition (docket entry #1) be DENIED, WITH PREJUDICE; and

2. Petitioner's Motion for Order (docket entry #3) be DENIED.

Dated this 18th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE